J S - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROGER NOOR,

                    Plaintiff,

        v.

SAGAR HOTELS, INC., et al.,

                    Defendants.

Case No. 8:25-cv-00858-SRM-ADS

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]**

Before the Court is Plaintiff Roger Noor's ("Plaintiff") Motion to Remand ("Motion"). Dkt. 9. Defendants Sagar Hotels, Inc. and Mike Shalizi ("Defendants") did not stipulate to remand but did not oppose the Motion. The Court has reviewed the arguments, relevant legal authority, and record in this case. Upon review, the Motion is **GRANTED**.

**I.      BACKGROUND**

On April 24, 2025, Defendants removed this action to this Court from the Superior Court of California, County of Orange, Case Number 30-2025-01467973-CU-CR-CJC, pursuant to 28 U.S.C. Sections 1331, 1441, and 1367. Dkt. 1 at 2. The following facts are derived from the Complaint. *Id.* at 6. Plaintiff has a heart condition that makes it difficult

-1-

for him to walk and stand. *Id.* at 9.[1] He uses a service dog named Lucky to help him identify when he is overexerting himself or is going to faint. *Id.* On November 6, 2024, Plaintiff visited the Comfort Inn & Suites Huntington Beach to stay at the hotel. *Id.* Defendant Sagar Hotel, Inc. owns and operates this hotel. *Id.* at 7. As alleged by Plaintiff, when he arrived, the manager told him he could not stay at the hotel because of Lucky. *Id.* at 9-10.

Thereafter, Plaintiff brought an action against Defendants in Orange County Superior Court for failure to accommodate his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. (Count One), the Unruh Civil Rights Act, California Civil Code §§ 51-53 (Count Two), and the California Disabled Persons Act, California Civil Code §§ 54-54.3 (Count Three). *See id.* at 10-13. As a result of the alleged violations, Plaintiff seeks injunctive relief to compel "Defendants to modify their policy and implement training to ensure full compliance with 28 C.F.R. § 36.302(c) as it pertains to service animals." *Id.* at 13. Plaintiff also requests injunctive relief in compliance with the ADA to require Defendants to implement "accessibility policies and requir[e] annual employee training on providing full and equal access to clients or customers with disabilities." *Id.* On April 24, 2025, Defendants removed the action to this Court based on federal question jurisdiction because of Plaintiff's ADA cause of action, and therefore assert this Court has supplemental jurisdiction over the state law claims. *Id.* at 2-3.

Plaintiff now moves to remand this case, arguing the Court lacks subject matter jurisdiction because Defendants have not shown that Plaintiff has Article III standing to pursue injunctive relief under the ADA. Dkt. 9-1 at 2-6. Defendants did not stipulate to remand but did not oppose the Motion. *Id*. at 9-2.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). A civil action brought in state court may be removed to federal court if the federal court would

---

[1] Page citations refer to CM/ECF pagination.

have had subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See id.* §§ 1331, 1332.

A motion to remand challenges the propriety of the removal. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the defendant carries the burden of proving that removal was proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.    DISCUSSION

"Article III of the Constitution confines the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024). To satisfy the cases-and-controversies requirement, the party invoking federal jurisdiction must establish that the plaintiff has standing for each claim and "for each form of relief that they seek." *See Am. Encore v. Fontes*, 152 F.4th 1097, 1110 (9th Cir. 2025) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

Injunctive relief is the only remedy available to private plaintiffs under the ADA. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). To show a plaintiff has standing to pursue injunctive relief under the ADA, the party invoking federal jurisdiction must establish that the disabled plaintiff faces "'a real and immediate threat of repeated injury' in the future." *See id.* at 946 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). This may be shown by demonstrating that the disabled plaintiff either "intends to return to a noncompliant accommodation and is therefore likely to reencounter a

discriminatory architectural barrier," or that the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *See id.* at 950.

Here, Defendants failed to meet their burden to show Plaintiff has Article III standing. Defendants--who did not file an opposition to the Motion to Remand--have neither shown Plaintiff has an intent to return to the hotel or that he is deterred from returning due to the barriers he encountered there. Defendants have thus failed to show that Plaintiff has Article III standing to pursue injunctive relief under the ADA in federal court. Accordingly, this Court lacks subject matter jurisdiction over this case and must remand this action to state court. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *see also Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)* (noting remand, rather than dismissal, "is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate that matter. State courts are not bound by the constraints of Article III.").

**IV.    CONCLUSION**

For the aforementioned reasons, the Motion to Remand, Dkt. 9, is **GRANTED**. This action is **REMANDED** to Orange County Superior Court, Case Number 30-2025-01467973-CU-CR-CJC. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: March 16, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE